UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**ALFRED M. TORTORICH, SR.,** *et al.*             **CIVIL ACTION**

**VERSUS**            **No. 07-3912**

**DOMINICK MUSSO,** *et al.*            **SECTION: I/5**


## ORDER AND REASONS

Before the Court is a motion to vacate an arbitration award filed on behalf of plaintiffs, Alfred Tortorich, Sr., and Nancy Tortorich,[1] and a cross-motion to confirm an arbitration award filed on behalf of defendants, Dominick Musso ("Musso") and Mary Horan ("Horan").[2] For the following reasons, plaintiffs' motion to vacate is **DENIED** and defendants' cross-motion to confirm is **GRANTED**.

### *BACKGROUND*

Plaintiffs invested retirement funds with Morgan Stanley Dean Witter ("Morgan Stanley") and chose Musso as their financial advisor.[3] On June 21, 2004, plaintiffs filed a statement of claim against Morgan Stanley regarding these investments, which commenced

---

[1] R. Doc. No. 1, Mot. Vacate Arbitration Award.

[2] R. Doc. No. 12, Cross-mot. Confirm Arbitration Award.

[3] R. Doc. No. 11-2, Mem. Opp'n Mot. Vacate, Ex. A, *Tortorich v. Morgan Stanley Dean Witter*, Case No. 04-4346, Statement of Claim at 6.

arbitration with the National Association of Securities Dealers, Inc. ("NASD").[4] Plaintiffs' allegations arose due to the purchase of various stocks, mutual funds, and unit investment trusts recommended by Musso, an employee of Morgan Stanley.[5] Further, plaintiffs alleged that both Musso and Horan, another financial advisor at Morgan Stanley, convinced plaintiffs to continue investing in the stock market to their detriment, even after plaintiffs requested the withdrawal of their stock from the market.[6] On March 13, 2006, Morgan Stanley was found liable at the arbitration for unsuitability, failure to supervise, and negligence, and plaintiffs were awarded $304,000 in compensatory damages.[7]

On October 21, 2006, plaintiffs filed another statement of claim, this time against Musso and Horan, again commencing arbitration with the NASD.[8] Plaintiffs allegations arose due to their investment in various speculative stocks and mutual funds due to Musso's advice, as well

---

[4] R. Doc. No. 11-3, Defs.' Ex. B, *Tortorich v. Morgan Stanley Dean Witter*, Case No. 04-4346, NASD Dispute Resolution Award at 6.

[5] Specifically, plaintiffs asserted: (1) fraud, (2) misrepresentation and omissions, (3) unsuitability, (4) failure to diversify, (5) breach of fiduciary duty, (6) failure to supervise, (7) aiding and abetting, (8) negligence, (9) failure to disclose, and (10) violations of Rule 10b-5, Louisiana securities law, the Louisiana Unfair Trade Practices Act, New York General Business Law § 349, and Louisiana and New York common law. *Morgan Stanley*, Statement of Claim at 2-4; *Morgan Stanley*, NASD Award at 6.

[6] *Morgan Stanley*, Statement of Claim at 7.

[7] *Morgan Stanley*, NASD Award at 7.

[8] R. Doc. No. 1-3, Mem. Supp. Mot. Vacate, Ex. A, *Tortorich v. Musso*, Case No. 06-4734, NASD Dispute Resolution Award at 1; R. Doc. No. 11-4, Defs.' Ex. C, *Tortorich v. Musso*, Case No. 06-4734, Statement of Claim. The arbitration agreement between the parties is stated in the Uniform Submission Agreement:
> The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

R. Doc. No. 11-13, Defs.' Ex. J, *Tortorich v. Musso*, Case No. 06-4734, Uniform Submission Agreement at ¶ 1.

as plaintiffs continued investment in the stock market due to the advice of Musso and Horan.[9]

On January 2, 2007, defendants, Musso and Horan, filed a motion to dismiss the arbitration proceeding pending against them on the basis of res judicata.[10]  Specifically, defendants contended that the three requirements of res judicata were met:  (1) that Morgan Stanley and defendants were in privity and they were, therefore, considered the same parties for res judicata purposes; (2) the transactions litigated and decided in the first arbitration were the same as those at issue in the second arbitration; and (3) plaintiffs' first arbitration concluded with a final judgment on the merits by an authority of competent jurisdiction.[11] On May 2, 2007, defendants' motion to dismiss was granted by the arbitration panel on res judicata grounds.[12]

On July 31, 2007, plaintiffs filed a motion to vacate the second arbitration judgment in this Court alleging that:  (1) the arbitrators exceeded their authority by dismissing the arbitration on res judicata grounds and (2) the arbitrators manifestly disregarded the law in determining that defendants and Morgan Stanley were the same parties and in privity for res judicata purposes.[13] The motion to vacate was brought pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4) (2006), the Louisiana Arbitration Act ("LAA"), La. Rev. Stat. Ann. § 9:4210(D) (1997),

---

[9] *Musso*, NASD Award at 1; *Musso*, Statement of Claim at 2-3.  Specifically, plaintiffs alleged:  (1) breach of fiduciary duty, (2) breach of contract, (3) fraud, (4) unsuitability, (5) misrepresentation and omission, and (5) violations of federal laws and the Louisiana Securities Act.  *Musso*, NASD Award at 1; *Musso*, Statement of Claim at 5.  Plaintiffs requested compensatory damages in the amount of $368,000, punitive damages, reimbursement of expert and attorneys' fees, NASD charges incurred by reason of their claim for relief, and legal interest.  *Musso*, Statement of Claim at 2.

[10] *Musso*, NASD Award at 1; R. Doc. No. 11-5, Defs.' Ex. D, *Tortorich v. Musso*, Case No. 06-4734, Mot. Dismiss.

[11] *Musso*, NASD Award at 2; *Musso*, Mot. Dismiss

[12] *Musso*, NASD Award at 2.

[13] R. Doc. No. 1-2, Mem. Supp. Mot. Vacate at 1-2.

and the manifest-disregard standard set forth in *Williams v. Cigna Financial Advisors Inc.*, 197 F.3d 752, 758-59 (5th Cir. 1999).[14]

## *LAW AND ANALYSIS*

**I.     Standard of Law**

Courts "apply a highly deferential standard when reviewing arbitration awards." *Int'l Chem. Workers Union v. Columbian Chems. Co.*, 331 F.3d 491, 494 (5th Cir. 2003); *Antwine v. Prud. Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990) ("Judicial review of an arbitration

---

[14] *Id.* at 2.  Plaintiffs, in their motion to vacate, "move[] this Court under the [FAA] and the [LAA] to vacate the arbitration award."  Mot. Vacate at 1.  Defendants, in their motion to confirm, state that the FAA "governs confirmation of arbitral awards and, thus, this action."  Cross-mot. Confirm at 3.  However, neither party provides any authority as to which law is applicable.

The FAA applies to contracts involving transactions in commerce.  9 U.S.C. § 2; *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 302 (S.D. Tex. 1997), *adopted by* 161 F.3d 314, 319 (5th Cir. 1998); *Atl. Aviation, Inc. v. EBM Group, Inc.*, 11 F.3d 1276, 1279 (5th Cir. 1994).  "NASD arbitration clause[s] evince[] a transaction involving commerce." *Austin Mun. Sec., Inc. v. NASD, Inc.*, 757 F.2d 676, 697 (5th Cir. 1985); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624-25 (5th Cir. 2006).  Therefore, federal substantive law pursuant to the FAA applies and preempts any otherwise applicable state law.  *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765, 785 (1983) ("Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.  The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.").  State law may be used to fill in any gaps in federal law.  *Bank One, N.A. v. Shumake*, 281 F.3d 507, 513 (5th Cir. 2002).

Plaintiffs brought their motion to vacate pursuant to § 10(a)(4) of the FAA and § 9:4210(D) of the LAA.  Mem. Supp. Mot. Vacate at 2.  These provisions are identical and, therefore, the FAA and federal substantive law preempt the LAA.  *See* 9 U.S.C. § 10(a)(4) (providing that an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made"); La. Rev. Stat. Ann. § 9:4210(D) (providing that an arbitration award shall be vacated "[w]here the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made").

Further, although neither party discusses jurisdiction, a court has an obligation to address, *sua sponte*, whether subject matter jurisdiction exists in a case.  *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866, 886-87 (2004).  The FAA "creates a body of federal substantive law . . . , yet it does not create any independent federal-question jurisdiction."  *Cone Mem'l Hosp.*, 460 U.S. at 25 n.32, 103 S. Ct. at 942 n.32, 74 L. Ed. 2d at 786 n.32; *Atl. Aviation*, 11 F.3d at 1280 & n.6.  Therefore, a court may only hear a motion to vacate an arbitration award if diversity of citizenship or a federal question exists.  *Cone Mem'l Hosp.*, 460 U.S. at 25 n.32, 103 S. Ct. at 942 n.32, 74 L. Ed. 2d at 786 n.32; *Shumake*, 281 F.3d at 513.  Plaintiffs in the above-captioned case are Louisiana citizens, defendants are citizens of Virginia, and the amount in controversy before the arbitrators exceeded $75,000, exclusive of interest and costs.  Cross-mot. Confirm at 2; *Musso*, Statement of Claim at 1.  Therefore, diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 exists.

award is extremely narrow and this Court should defer to the arbitrator's decision when possible."). Limited judicial review of arbitration awards is consistent with the goals of arbitration for efficient dispute resolution and avoidance of expensive and long litigation. *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 405 (5th Cir. 2007); *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 303 (S.D. Tex. 1997), *adopted by* 161 F.3d 314, 319 (5th Cir. 1998). The moving party has the burden of proving that a court should vacate an arbitration award. *Trans Chem. Ltd.*, 978 F. Supp. at 303. Pursuant to the FAA, a district court may only vacate and set aside an arbitration award on four grounds. 9 U.S.C. § 10(a).[15] A court must grant an order confirming an arbitration award unless the award is vacated, modified, or corrected. 9 U.S.C. § 9; *see Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 580 n.2 (5th Cir. 1986).

**II.    Discussion**

*A.    Whether the Arbitrators Exceeded Their Authority*

*1. Section 10(a)(4) of the FAA*

Pursuant to the FAA, the only ground which can be argued in support of vacating the

---

[15] Section 10(a) provides, in pertinent part:
> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

award at issue is § 10(a)(4), *i.e.*, that the arbitrators exceeded their powers.[16]  Arbitrators exceed their powers if they act contrary to or outside the scope of express contractual provisions governing the arbitration.  *Apache Bohai*, 480 F.3d at 401.  If limitations on the arbitrator's authority are ambiguous, any limitations must be narrowly construed.  *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 343 (5th Cir. 2004).  "A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration."  *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002).  A court should not vacate an arbitral award unless the arbitration clause cannot be read to cover the dispute at issue.  *Downer v. Siegel*, 489 F.3d 623, 626 (5th Cir. 2007).

      *2. Arbitrator's Authority To Determine Res Judicata Effects of Arbitration*

A preclusion defense in an arbitration, *e.g.*, claim preclusion or res judicata, is part of the merits of an arbitration dispute and an issue to be decided by the arbitrators. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1132 (9th Cir. 2000) ("[A] res judicata objection based on a prior arbitration proceeding is a legal defense that, in turn, is a component of the dispute on the merits and must be considered by the arbitrator, not the court."); *Int'l Ass'n of Machinists & Aerospace Workers v. Tex. Steel Co.*, 639 F.2d 279, 283 (5th Cir. Unit A Mar. 1981).[17]

---

[16] *See* Mot. Vacate.

[17] Although the United States Court of Appeals for the Fifth Circuit has not specifically addressed whether res judicata determinations exceed an arbitrator's authority pursuant to the FAA, the Fifth Circuit has decided that the res judicata effect of a prior arbitration award on future awards is a matter properly before the arbitrator in labor disputes. *Tex. Steel Co.*, 639 F.2d at 283 (noting that whether an "award can be given an effect akin to res judicata or stare decisis with regard to future disputes that may arise between the parties, neither the district court nor this court should decide . . . [,as] the issue itself is a proper subject for arbitration).  Other circuits have similarly held. *See Consol. Coal Co. v. United Mine Workers of Am.*, 213 F.3d 404, 407 (7th Cir. 2000) ("[T]he question of the preclusive force of the first arbitration is, like any other defense, itself an issue for a subsequent arbitrator to decide."); *Action Distrib. Co. v. Int'l Bhd. of Teamsters Local 1038*, 977 F.2d 1021, 1025 (6th Cir. 1992) (upholding

The arbitration agreement between the parties is broad and it does not exclude from the arbitrators' authority decisions based upon res judicata.[18] Due to the high deference given to arbitrators by courts and the clear trend in this and other circuits on the ability of arbitrators to determine the res judicata effects of prior arbitration decisions, the Court determines that the arbitrators did not exceed their authority in determining the res judicata issue.[19]

---

an arbitration award where arbitrators determined the preclusive effect of a prior arbitration).
  Other circuits that have addressed the issue pursuant to the FAA have determined that arbitrators have the power to decide the res judicata effect of a prior arbitration on future arbitrations. *See Chiron Corp.*, 207 F.3d at 1132-34; *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 140 (3d Cir. 1998) (concluding that a "res judicata objection based on the prior arbitration is an issue to be arbitrated and is not to be decided by the courts"); *Nat'l Union Fire Ins. Co. v. Belco Petrol. Corp.*, 88 F.3d 129, 135-36 (2d Cir. 1996) (holding that a preclusion defense is for an arbitrator to decide as a component of a dispute on the merits). Further, two Fifth Circuit district courts have agreed with these circuits. *See Biobased Sys., L.L.C. v. Biabased of S. Tex., LLC*, Civil Case No. H-06-2149, 2007 WL 1080114 (S.D. Tex. Apr. 9, 2007) ("[T]he res judicata effect of the prior arbitration award is a dispute between the parties that is subject to arbitration . . . and, therefore, must be decided by the arbitrator in the pending arbitration."); *Broadscape.com, Inc. v. KDS USA, Inc.*, No. CIV. A. 01-CV-0607, 2001 WL 1063895 (E.D. La. Sept. 12, 2001) ("[The] res judicata and collateral estoppel claims should be raised with the arbitration panel . . . .").

[18] The parties Uniform Submission Agreement, which contains a broad arbitration clause stating that the "undersigned parties hereby submit the present matter in controversy . . . to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the [NASD]," contains no limit on the arbitrator's authority. *Musso*, Uniform Submission Agreement. Further, the NASD Code of Arbitration Procedure provides that the arbitrators "shall be empowered to award any relief that would be available in court under the law." NASD Code of Arbitration Procedure § 10214 (2000).
  In plaintiffs' opposition to the motion to confirm the arbitration award, they raise, for the first time, the issue that the arbitrators exceeded their authority by dismissing the arbitration in a dispositive motion before hearing the merits of the case. Mem. Opp'n Mot. Confirm at 2. This argument is also unpersuasive. Although the NASD rules do not specifically address dispositive motions, the rules also do not exclude or bar them. *See* R. Doc. No. 16-3, Mem. Opp'n Mot. Confirm, Ex. B, Letter Regarding the *Musso* Arbitration ("[NASD] Dispute Resolution does not have a rule that expressly addresses dispositive motions before a hearing on the merits. Therefore, it is the responsibility of the panel to determine whether to entertain this dispositive motion."); *see also Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) ("[A] NASD arbitration panel has full authority to grant a pre-hearing motion to dismiss with prejudice . . . .). Therefore, the arbitrators' decision to address the res judicata defense in a dispositive motion did not exceed their authority.

[19] Plaintiffs cite a slew of state court cases supporting their argument that courts are split on whether res judicata is to be determined by arbitrators or courts. Mem. Supp. Mot. Vacate at 3; R. Doc. No. 16, Mem. Opp'n Mot. Confirm at 1. As noted above, federal substantive law, and not state law, controls this issue. Further, the cited cases are distinguishable from the present case. Some of the cases cited consider the preclusive effect of a prior court, not arbitration, decision. *See, e.g.*, *Leon C. Baker, P.C. v. Merrill Lynch, Pierce, Fenner & Smith*, 821 So. 2d 158, 163 (Ala. 2001). Other cases cited by plaintiffs discuss whether an arbitration award has preclusive effect on a subsequent case in court. *See, e.g.*, *Hurley v. Fox*, 587 So. 2d 1 (La. Ct. App. 1991). The two circuit court cases cited also are not applicable because they concern who has the power to determine the preclusive effect of a prior arbitration award on a nonarbitral issue properly before the court. *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992); *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985).

B.      *Manifest Disregard of the Law of Privity*

   *1. Manifest Disregard Standard*

In addition to the statutory grounds for vacating an arbitration award pursuant to the FAA, a court may also vacate an award pursuant to narrow common law exceptions, including manifest disregard of the law.[20] *Apache Bohai*, 480 F.3d at 401; *Sarofim v. Trust Co. of the W.*, 440 F.3d 213, 216 (5th Cir. 2006). "Judicial inquiry under the 'manifest disregard' standard is . . . extremely limited." *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003).

In order for an award to be vacated due to arbitrators manifest disregard of the law, a two-part test must be met: (1) the arbitrators must have acted manifestly contrary to applicable law, and (2) if the arbitrators did so act, confirming the award would result in significant injustice "taking into account all the circumstances of the case, including powers of arbitrators to judge norms appropriate to the relations between the parties." *Williams*, 197 F.3d at 762; *see Am. Cent. E. Tex. Gas Co. v. Union Pac. Res. Group Inc.*, 93 Fed. App'x 1, 5 (5th Cir. 2004). Manifest disregard of the law

> clearly means more than error or misunderstanding with respect to the law. The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay no attention to it.

*Prestige Ford*, 324 F.3d at 395; *see Berk-Cohen Assocs. v. Orkin Exterminating Co.*, 264 F. Supp. 2d 448, 453 (E.D. La. 2003). In order for an arbitrator to manifestly disregard the law,

---

[20] This nonstatutory standard for vacating an arbitration award was recognized by the Fifth Circuit in *Williams*, 197 F.3d at 759. Although initially some courts concluded that the manifest-disregard standard only applied to federal employment-rights cases, *Brabham v. A.G. Edwards & Sons Inc.* made it clear that the doctrine applies in other arbitration contexts as well. 376 F.3d 377, 381 (5th Cir. 2004).

"the governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." *Prestige Ford*, 324 F.3d at 395.

    *2. Privity*

In order for a subsequent claim to be barred by res judicata, three requirements must be met: (1) the parties must be the same or in privity with each other, (2) the transactions litigated and decided in the first action must be the same as those in the second action, and (3) the first action must conclude in a final judgment on the merits by an authority of competent jurisdiction. *Russell v. Sunamerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). Plaintiffs claim that the arbitrators "appreciated the law regarding privity but decided to ignore it," and thereby incorrectly decided that the first arbitration against Morgan Stanley barred the second arbitration against Musso and Horan because the first res judicata element was not met.[21]

Privity, for res judicata purposes, is a broad concept. As stated in *Russell*:

> "Where, as here, the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other."

*Id.* (*quoting Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir. 1959); *see Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1289 (5th Cir. 1989) (stating that employers and employees are in privity with each other for res judicata purposes).

Accordingly, there has been no manifest disregard of the law by the arbitration panel. Any error the arbitrators may have made in disregarding the cases cited by plaintiffs[22] was not

---

[21] Mem. Supp. Mot. Vacate at 5.

[22] Further, the cases cited by plaintiffs are not convincing. In *Gilbert v. Visone*, 708 So. 2d 496, 499-500 (La. Ct. App. 1998), the court merely stated that privity required more than common or parallel interests. It did not imply that an employer-employee relationship is insufficient. In *Eureka Homestead Soc'y v. Zirinsky*, No. CIV. A.

9

based upon ignoring a clearly governing principle.  Further, confirming the award will not result in substantial injustice to the plaintiffs, who were given the opportunity to argue against the application of res judicata in the second arbitration.

C.     *Confirming the Arbitration Award*

A court must confirm an arbitration award pursuant to the FAA unless the award is vacated.  The Court has not found that the arbitrators exceeded their authority, nor has it found that they manifestly disregarded the law and, therefore, the Court will not vacate the award.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to vacate is **DENIED** and defendants' motion to confirm is **GRANTED**.

New Orleans, Louisiana, November \_\_\_1st\_\_\_, 2007.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

94-2265, 1996 WL 109294 (E.D. La. Mar. 11, 1996), the court acknowledged that officers are liable for their own fraudulent acts, but the Court did not state whether that barred an officer from asserting a privity defense when an action had previously been brought against the officer's employer for those acts.  In *Glover v. Ryder Truck Rental*, 769 So. 2d 1224 (La. Ct. App. 2000), an owner of a truck, which lacked certain safety features, was not sued in a lawsuit brought by plaintiff against the driver of the truck and the driver's employer who had leased the truck from the owner.  The court found that the second lawsuit against the owner was not barred by res judicata, but said nothing about the relationship or privity between the truck driver, employee, and truck lessor, who was the employer.  *Glover*, 769 So. 2d at 1226.  Finally, although *Gilmer v. Porterfield*, 212 S.E. 2d 842, 844 (Ga. 1975), a case not concerned with an arbitration award, does hold that a servant is not in privity with the master and cannot utilize a res judicata defense, the Fifth Circuit has held directly to the contrary.  *Gilmer*, which is based upon an interpretation of Georgia law, is contradicted by Fifth Circuit precedent, and the arbitration panel did not manifestly disregard the law of privity in failing to follow it.